Hibbard, P. J.
In this action of contract, the plaintiff seeks to recover a 5% commission on the sale price of a job which he alleges he procured for the defendant.
The plaintiff’s declaration is as follows:
“Now comes the .plaintiff in the above entitled action and says that the defendant is a Massachusetts corporation, duly organized by law and having its usual place of business in Springfield, Hampden County, Massachusetts; that he was hired by the defendant as a salesman for the- purpose of procuring roofing business and sheet metal business, which business the defendant was and is engaged in; that it was agreed between the plaintiff and the defendant that the defendant should pay to the plaintiff compensation based on the basis of 5% commission on the sale price of any job procured by him or through his clients', which commission be paid on accepted orders; that the plaintiff did procure a job with the Fisk Rubber Company and *238 United States Rubber Corporation, of CMoopee, Mas®., for the defendant, the sale price of which was $14,500 and that the defendant owes- to the plaintiff and has refused payment of $725 which is- 5% of said sale price-, of said order which was accepted by the defendant.”
The answer is a general denial .accompanied by an allegation that if the defendant ever -owed the- plaintiff any money, the .same had been paid in full.
Before trial, it was agreed at -the bench that if the plaintiff was entitled to recover -anything, it .should be the sum of $677.05.
There was evidence tending to .show that for .some time prior to April 1944, the plaintiff had been employed by the defendant as a salesman “with the agreement that he was to receive 5% commission on the- net sale price of any job procured by him -or through his clients”; that the Fisk Tire Division of the United States Rubber Company was one of the plaintiff’s “contacts”; that the plaintiff heard a job was to be- done at this plant, went there and learned all the details; that later he took the defendant’s foreman to the plant and after talking with one Burns -secured the blueprints f-or the job returning them to- the defendant’s place of business; that thereafter the plaintiff discussed with the defendant’s treasurer the matter of the defendant’s submitting a bid on the job; that the first part of May 1944, the plaintiff left the employ of the defendant and the defendant submitted a bid on the job, was the successful bidder and was awarded the -contract for the same.
The plaintiff admitted that after he left the defendant’s employ but before a bid had been submitted by the defendant for the Fisk job, he tried to procure the contract for the job for the Howard Martin Company, a competitor of the defendant. The contract was however awarded to the defendant thereafter. The plaintiff never received any re- *239 numeration from the defendant company for his work in connection with the job.
The defendant seasonably filed certain requests for rulings as follows:
“1. On all the evidence and all the law a finding should be entered for the defendant. 2. The evidence does not warrant a finding for the plaintiff. 3. The evidence warrants a finding for the defendant. 4. The duty of the plaintiff to the defendant in procuring jobs for the defendant extended beyond the mere securing of blueprints and specifications. 5. Evidence that the plaintiff secured blueprints and specifications for a particular job and did nothing further toward procuring that job will not sustain a finding that the plaintiff is entitled to a commission for procuring said job. 6. The plaintiff cannot recover unless his efforts were the effective cause of the defendant’s securing the job in question. 7. The evidence requires a finding that the plaintiff, in attempting* to procure the United States Rubber web' fabric job for the Howard Martin Company after having attempted to procure the same for the defendant, was attempting* to act in the transaction in behalf of two parties having adverse interests. 8. Where an agent has attempted to act in behalf of two parties having adverse interests, without the knowledge and consent of both, he is not entitled to a recovery of compensation from either one of those parties. 9. By engaging with the Howard Martin Company to procure the United States Rubber web fabric job, the plaintiff forfeited his right of compensation from .the defendant for any services he had performed in procuring the said job for the defendant. 10. In the procuring of the United States Rubber web fabric job for the defendant, the plaintiff was subject to the duty to refrain from acting in the transaction for a party whose interests were adverse in the matter to those of the defendant. ”
The Court denied the first three of such requests, allowed the fourth, denied the fifth and sixth requests, finding that the plaintiff was the effective agent in doing all things nec *240 essary to procure the job for the defendant. The Trial Court further denied the seventh to tenth requests inclusive “ because they are based on facts' contrary to those found by the Court. ’ ’
It is stated in the report that it contained all the evidence material to the question reported.
The defendant claimed a report by reason of the denial of its requests.
The question presented by this report is an unusual one. It requires careful analysis and we must be guided by general principles more than by analogous cases. Reduced to its simplest terms, the Trial Court found for the plaintiff for a claimed commission. The defendant argues that the commission should not be paid because of the admitted fact that the plaintiff endeavored to the best of his ability to prevent the defendant from entering* into a contract which formed the basis of the commission. The case differs from the ordinary one where an agent undertakes to represent both parties who have adverse interests or that class of cases where an agent or other fiduciary is unfaithful to his trust and in numerous cases has been denied compensation. The courts have held however that this rule is not an absolute one and the question whether a fiduciary who has not been entirely faithful will be denied any compensation to which he otherwise would be entitled ultimately rests in the discretion of the court. Shulkin v. Shulkin, 301 Mass. 184 at 194, and cases cited. Aside from the technical questions involved in the denial of the requested rulings, the question is whether the admitted unethical conduct of the plaintiff deprived him of his right to a commission. Generally speaking, this tribunal is bound .by the findings of fact of the Trial Court and is limited to the statements found in said report. The material facts found as culled from the report are:
*241 (1) The plaintiff had been employed by the defendant as a salesman with an agreement that he was to receive 5 % commission “on the net sale price of .any jobs procured by him or through his clients”. (2) The Fisk Tire Division of the United States Rubber Company was one of the plaintiff’s contacts. We assume that this popular and much abused word “contacts” is to be interpreted as if the language had read “The plaintiff acting under said agreement talked with officials of the Fisk Tire Division respecting work to be done at their plant ”. (3) The plaintiff went to said plant, learned about the job, took the defendant’s foreman to said plant and talked with a person presumably representing said division, secured the blueprints, returned them to the defendant’s place of business and thereafter discussed with the defendant’s treasurer the matter of the defendant’s submitting a bid on the job. (4) Thereafter the plaintiff left the employ of the defendant and subsequent to that time the defendant submitted a bid to the Fisk Division and was awarded the contract for the job.
(5) The plaintiff, after severing his agency but before a bid had been submitted by the defendant for said job, tried to obtain the contract for a competitor of defendant and to induce the Fisk Division to give said competitor the work.
(6) The contract was awarded to the defendant.
Specific findings of said Court are as follows:
“The Court finds for the Plaintiff and assesses damages in the sum of $677.05.
“The Court finds that, by vote of the Board of Directors of the defendant company, a ‘salesman’s compensation is to be based on the basis of 5% commission on the net sale price of any jobs procured by him or through his clients’; that the plaintiff O’Brien found out about the job in issue at the Fisk Rubber Company, went to the Fisk for the job and got the plans and specifications for it from one of the Fisk officials, and told the defendant’s manager that the defendant *242 company should get the work; that the Fisk Company was in the territory allotted by the defendant company to be covered by the plaintiff and that the Fisk Company was one of the plaintiff’s ‘contacts’.
“The Court finds as a fact that the plaintiff was the person who procured the Fisk Company job for the defendant, both absolutely and within the terms of the Directors’ vote above quoted, and therefore is entitled to recover in this action.
“The Court finds from the testimony of the defendant’s manager that, if the plaintiff had not been out of the defendant’s employment when the defendant was given the contract by the Fisk Company, the defendant would have paid him the commission on the job.
“The Court finds that, after the plaintiff was no longer employed by the defendant, he went to the Fisk Company and tried to get the job for the Martin Company, a competitor of the defendant, but that at the time he did so; he had already earned his commission on the Fish job and owed no duty or allegiance, then, to the defendant; that he had reasonable ground to believe the defendant would not pay him his commission on the Fisk job, and was not bound to await for the precarious hazard of litigation to get his commission. He was justified at that time and under those circumstances in trying to get the job for the defendant’s competitor, thereby to make certain, if he could, that he would receive a commission on a job' which he had sought out and discovered and had brought to the defendant’s attention.”
The request numbered I was properly denied as it did not conform with the requirements of Rule 27 of the District Courts.
There was no error in denying the second request. Under most circumstances, the third requested ruling should have been given. The error, if error there was, in denying the same was immaterial and harmless in view of the fact that the evidence was not contradictory and the report indicates the Trial Court thoroughly considered the same.
*243 The fifth and sixth requests were properly denied because the Court found as a fact that as to all things necessary to procure the job for the defendant, the plaintiff was the effective agent.
The seventh to tenth inclusive requests were properly denied in view of the specific findings of fact found by the Court which were directly contrary to those upon which said requests were based.
No prejudicial error appearing, the report is to be dismissed.